UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF KEN SATO,<br><br>    Applicant, | Case No.  26-mc-80093-VKD<br><br>**ORDER RE EX PARTE APPLICATION FOR DISCOVERY ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicant Ken Sato applies for an order pursuant to 28 U.S.C. § 1782 authorizing service of subpoena for documents on OKX, Inc. ("OKX") in connection with an anticipated civil action in Tokyo, Japan.  Dkt. No. 1.  Mr. Sato's application is supported by the declaration of his Japanese counsel, Takashi Yamaguchi.  Dkt. No. 1-1.  OKX takes no position with respect to the application and reserves its right to object to the subpoena, to move to quash it, or to seek a protective order.  Dkt. No. 11.  Mr. Sato and OKX have indicated their consent to magistrate judge jurisdiction.  Dkt. Nos. 6, 12.

According to the application, Mr. Sato is a resident of Japan.  Dkt. No. 1 at 2.  He explains that he is a victim of an online romance and investment fraud scheme, perpetrated by a person whose real identity he does not know, in which he was induced to transfer a substantial sum of money to the perpetrator's account on the cryptocurrency exchange operated by OKX.  *Id.*; Dkt. No. 1-1 ¶¶ 2-4.  Mr. Sato has retained counsel in Japan for the purpose of bringing a civil action for fraud and unjust enrichment against this unidentified perpetrator and now seeks discovery of records from OKX that he believes will permit him to identify that person and obtain information relevant to the anticipated civil action in Japan.  Dkt. No. 1 at 2; Dkt. No. 1-1 ¶ 7.

Specifically, Mr. Sato seeks permission to serve a subpoena on OKX for production of the following documents:

1. All documents and information sufficient to identify the OKX account holder(s) or user(s) associated with the deposit address(es) that received Petitioner's Ethereum (ETH) transfers, specifically including the transaction identified by Transaction Hash (TxID) 0xf7531a20c2ef624e60e3da7241d05f86e4d0bb0e970929d74cba024bdea3040 e (the final transfer into OKX Hot Wallet 3, as shown in Exhibit F) and the related chain of transfers totaling approximately 95.46 ETH from Petitioner's wallet addresses between November and December 2025.

2. The full legal name, date of birth, residential or mailing address(es), email address(es), telephone number(s), and any other available contact information of the account holder(s) or user(s).

3. Copies of all Know Your Customer (KYC) and identity-verification documents submitted by or for the account holder(s), including government-issued photo identification (e.g., passport, driver's license, national ID), proof of residential address, facial scan or biometric verification data (if maintained), and any other KYC onboarding records.

4. Account records sufficient to link the user ID(s), account number(s), or profile(s) to the deposit address(es) and the specified TxID(s), including any internal mapping or reverse-lookup results confirming the association

*Id.* at 2-3.

Having considered Mr. Sato's application, the supporting declaration of Mr. Yamaguchi, and the applicable law, the Court grants the application. Mr. Sato's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, Mr. Sato seeks discovery from OKX, which has its headquarters in the Northern District of California. Dkt. No. 1 at 4. Second, Mr. Sato requests discovery for use in a civil action he is preparing to file in Japan. *Id.* Third, as the complainant in the contemplated civil action, Mr. Sato is an interested person within the meaning of the statute. *Id.*

Mr. Sato has also demonstrated that the Court should exercise its discretion to authorize service of the subpoena on OKX. In determining whether judicial assistance under § 1782 is appropriate, the Court considers four additional, non-exhaustive factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the

United States District Court
Northern District of California

United States District Court
Northern District of California

foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). OKX is not expected to be a participant in Mr. Sato's civil action in Japan. Dkt. No. 1 at 5. Mr. Sato's Japanese counsel attests that there are no Japanese laws, rules of evidence, or rules of civil or criminal procedure prohibiting use of the discovery requested. Dkt. No. 1-1 ¶ 8. There is likewise no indication that the Japanese court would object to Mr. Sato's discovery or that it would object more generally to the judicial assistance of U.S. federal courts. The discovery contemplated does not appear to be unduly intrusive, burdensome, or otherwise improper. Thus, all four discretionary factors weigh in favor of authorizing service of Mr. Sato's proposed subpoena.

Mr. Sato's application does not attach a copy of the document subpoena he intends to serve on OKX, and so the Court is unable to assess whether the proposed subpoena complies with Rule 45. Mr. Sato is reminded that the discovery authorized by this order must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Off., Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

Accordingly, the Court orders as follows:

1. The application is granted;

2. Mr. Sato may serve a document subpoena for the four categories of documents described in his application (Dkt. No. 1 at 2-3) on OKX;

3. This order does not preclude OKX, or any other interested person, from filing a motion to quash or modify the subpoena or a motion for a protective order.

**IT IS SO ORDERED.**

Dated: June 2, 2026

Virginia K. DeMarchi
United States Magistrate Judge

3